**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

LADONNA TAYLOR,                      )
on behalf of D.R.G., a minor,        )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. CIV-23-109-JAR
                                     )
COMMISSIONER OF THE SOCIAL           )
SECURITY ADMINISTRATION,             )
                                     )
            Defendant.               )

## OPINION AND ORDER

Plaintiff Ladonna Taylor ("Plaintiff"), on behalf of the minor child, D.R.G. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **AFFIRMED**.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or

mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. §§ 416.924(b), (c) and (d).

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 17 years old when the ALJ issued his decision. Claimant is alleged to have become disabled as of December 1, 2019 due to attention deficit hyperactivity disorder ("ADHD"), and mental and emotional disorders.  (Tr. 332).

## Procedural History

On April 29, 2021, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*).  Claimant's application for benefits was denied in its entirety initially and

3

on reconsideration.  On October 26, 2022, Plaintiff and Claimant appeared at an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic.  The hearing was conducted by Administrative Law Judge J. Leland Bentley (the "ALJ").  The ALJ issued an unfavorable decision on November 16, 2022.  On February 1, 2023, the Appeals Council denied a review of the ALJ=s findings.  Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step three of the sequential evaluation.  He determined that Claimant's condition did not meet a listing and he had not been under a disability during the relevant period.

**Review**

Plaintiff asserts the ALJ committed error in his step three analysis by (1) failing to find Claimant's borderline intellectual functioning met a listing; (2) assessing the six functional domains such that the assessment was not supported by substantial evidence; and (3) improperly determining Claimant's seizure condition as non-severe.

4

**The Step Three Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of ADHD, borderline intellectual functioning, specific learning disorder in reading comprehension and math problem solving, PTSD, and adjustment disorder with mixed anxiety and depressed mood. (Tr. 18). The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments. (Tr. 20). The ALJ analyzed the six domains of functioning in light of Claimant's severe impairments. He concluded Claimant had less than a marked limitation in the areas of acquiring and using information, attending and completing tasks, interacting and relating to others, caring for himself, and physical well-being. The ALJ found no limitation in the functional area of moving about and manipulating objects. (Tr. 20-21).

Plaintiff first contends the ALJ improperly determined that Claimant's borderline intellectual functioning met a listing. Specifically, Plaintiff asserts that Claimant's condition meets listing § 112.05 at section B. Initially, this Court agrees with Defendant that the appropriate listing to consider for borderline intellectual functioning is § 112.11 for neurodevelopmental

disorder. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.00B9b. The ALJ's discussion of why the condition did not meet a listing is clear and persuasive. (Tr. 19). This Court finds no error in the analysis and Plaintiff does not indicate any deficiencies.[2]

### Consideration of the Functional Domains

Plaintiff challenges the findings of the ALJ in the two of the six functional domain areas such that the ALJ should have found Claimant met or equaled a listing – acquiring and using information and caring for yourself.[3] In order to have a marked impairment in the Acquiring and Using Information domain, the regulations state that the agency will consider how well a child acquires or learns information and how well he uses the information she has learned. 20 C.F.R. § 416.926a(g). "Poor grades or inconsistent academic performance are among the more obvious indicators of a limitation" in the acquiring and using information domain. Soc. Sec. R. 09-3p, 2009 WL 396025, at *2. The domain "considers more than just

---

[2] Even under Plaintiff's analysis in the briefing, there is no error. Plaintiff indicates that "Claimant meets or equals a section B listing" because he must have a significantly subaverage general intellectual dysfunction which is satisfied if he has a full scale IQ of 70 or below. Plaintiff then proceeds to state Claimant has a full scale IQ of 78 in 2017 and 79 in 2021 – expressly demonstrating Claimant does not meet the listing.

[3] Plaintiff does not challenge the ALJ's findings as to the domains of attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and health and physical well-being. Soc. Sec. R. 09-1p, 2009 WL 396031, at *1.

assessments of cognitive ability as measured by intelligence tests, academic achievement instruments, or grades in school." Id. "The kind, level, and frequency of special education, related services, or other accommodations a child receives can provide helpful information about the severity of the child's impairment(s)." Id.

The ALJ discussed the evidence indicated by Plaintiff – the assessments by Claimant's home room teacher, Rachel Morris, and the assessment by his eighth grade special education teacher, Margie McElhany, who had known Claimant for five months at the time of the assessment. She noted several areas where Claimant experience problems in acquiring and using information – but not caring for yourself. (Tr. 22-25; 260-265).

However, the ALJ also discussed the basis for deciding Claimant had less than marked limitation in this domain. He noted Claimant's good grades, that he had not been held back a grade, he was described as "hardworking", demonstrated knowledge of current events, that he was in a general education setting for most of his classes, that Ms. Morris' statements concentrated on his difficulties in math but noted not obvious problems in any of the other areas in the acquiring and using information domain. (Tr.

7

23-25, 27, 30; 43, 230, 241, 288, 339, 350-51, 590, 604, 681, 683, 694). This Court cannot find that the ALJ's evaluation of this domain was flawed or erroneous. The ALJ followed the guidance from the regulations and substantial evidence supports his conclusions.

Plaintiff also challenges the evaluation of the evidence in the caring for yourself domain. This domain requires an evaluation of how well a child maintains a healthy emotional and physical state, including how well he satisfies his physical and emotional wants and needs in appropriate ways. 20 C.F.R. § 416.926a(k). Adolescents "should feel more independent from others and should be increasingly independent in all of your day-to-day activities. [They] may sometimes experience confusion in the way you feel about yourself. [They] should begin to notice significant changes in [their] body's development, and this can result in anxiety or worrying about [themselves] and [their] body. Sometimes these worries can make [them] feel angry or frustrated. [They] should begin to discover appropriate ways to express [their] feelings, both good and bad (e.g., keeping a diary to sort out angry feelings or listening to music to calm [themselves] down). [They] should begin to think seriously about [their] future plans,

8

and what [they] will do when you finish school." 20 C.F.R. § 416.926a(k)(2)(v).

The ALJ found less than a marked limitation in this domain, although he noted some evidence of problems in this area. (Tr. 21, 25-28). However, he indicated Claimant generally denied suicidal ideation (with the exception during a hospitalization in 2022), slept and ate well, worked on okcollegestart.com for his career/academic plan, Ms. Morris' assessment found no limitation in this domain, Claimant's testimony that he could care for himself, a 2021 report from a counselor that Claimant had improved in self-care in the last six months, and the report of the consultative psychologist from 2021 that Claimant was independent with his daily living needs. (Tr. 22-24, 27-28; 46-47, 292, 339, 490, 548, 592-93, 603, 683, 715, 721, 724-25).

Again, the ALJ's findings are supported by substantial evidence. Many of Plaintiff's arguments require this Court to reweigh the evidence – a standard not available on review. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Consequently, this Court finds no error in the ALJ's analysis of the six domains.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 30th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE